[756 NYS2d 228]

In the Matter of ROBERT DOMINICK POWELL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 27, 2003

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of the Court of Appeals of Maryland dated June 13, 2002, the respondent was disbarred in that state.

On August 26, 2002, the respondent was served with a notice, pursuant to 22 NYCRR 691.3, advising him of his right to file a verified statement raising any of the defenses to the imposition of reciprocal discipline found in that section and to request a hearing prior to the imposition of such discipline. The respondent has neither submitted the aforementioned verified statement nor requested a hearing.

The determination of the Court of Appeals of the State of Maryland was based on the following misconduct: The respondent deposited earned fees and money he received from his father into a bank account titled as a trust account. He used that account for personal and business purposes. He also used an account titled in the name of his father for personal and business purposes after the death of his father, thereby misrepresenting the ownership of the funds. He did not open an estate account to probate his father's assets, and he engaged in such conduct in an effort to hide assets from his creditors. His trust account was overdrawn, and when asked by counsel to explain the cause thereof, he delayed in providing the requested information and later provided false explanations.

In determining the appropriate measure of discipline to impose, the Court of Appeals of the State of Maryland considered that the respondent engaged in intentional conduct involving dishonesty, fraud, deceit, and misrepresentation and that his prior suspension in that state was for conduct amounting to negligent misappropriation of client funds. The court found that the respondent had presented no mitigating circumstances to justify a sanction less than disbarment.

As previously noted, the respondent remains suspended in the State of New York.

In view of the respondent's failure to submit a verified statement or request a hearing pursuant to 22 NYCRR 691.3, the Court may impose such discipline upon him as it deems appropriate. Under the totality of the circumstances, disbarment is warranted.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and COZIER, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Robert Dominick Powell, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert Dominick Powell, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.